| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Mitchell Malzberg, Esq.<br>Law Offices of Mitchell J. Malzberg, LLC<br>PO Box 5122<br>6 E. Main Street, Suite 7<br>Clinton, New Jersey 08809<br>(908) 323-2958<br>mmalzberg@mjmalzberglaw.com<br>Counsel to the Chapter 7 Trustee | Chapter 7<br><br>Case No. 12-33331/CMG<br><br>Honorable Christine M. Gravelle |
| In Re:<br><br>PATRICIA NOVELL<br><br><br>Debtor. | |
| BARRY R. SHARER, CHAPTER 7 TRUSTEE<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA NOVELL<br><br>Defendant(s). | Adv. Proc. No.<br><br>**COMPLAINT TO REVOKE DISCHARGE AND TURNOVER OF PROPERTY OF THE ESTATE AND OTHER RELIEF** |

Plaintiff, Barry R. Sharer, Chapter 7 Trustee for the Debtor Estate of Patricia Novell, by and through his counsel, Mitchell Malzberg, Esq., respectfully alleges:

## JURISDICTION AND PARTIES

1. Plaintiff, Barry R. Sharer is the duly qualified and acting Trustee in this case.

2. Defendant, Patricia Novell is the Debtor.

3. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

## BACKGROUND FACTS

4. The Debtor/Defendant filed a Chapter 7 bankruptcy petition on September 24, 2012.

5. Thereafter, the matter was converted to a Chapter 13 proceeding by Order of this Court on July 17, 2013.

6. The Debtors' bankruptcy was thereafter again converted back to a Chapter 7 proceeding on December 3, 2015.

7. One of the assets of the Bankruptcy estate was the Morgan Stanley Brokerage account ending in xxx-069.  At the time of conversion to a Chapter 13 the brokerage account had the sum of $21,625.00 and these monies are property of the Debtor estate.

8. Upon reconversion to a Chapter 7 a demand for the turnover of the monies was made and the Debtor despite demand has refused to turnover the monies.

## COUNT I
### (Demand for Turnover of Property of the Estate)

9. Plaintiff repeats and alleges each and every allegation as if set forth at length herein.

10. The Trustee has made repeated demands for turnover of the Property of the Estate, namely the brokerage account monies totaling the sum of $21,625.00.

11. The monies in the Brokerage account were not exempt.

12. Despite demand, the Debtor has failed to turnover property of the estate.

13. The Debtor has either retained these monies or post-petition spent these monies. The monies, at the time of the filing, were property of the Estate.

WHEREFORE, Plaintiff seeks the entry of an order compelling turnover of the property of the estate and entry of judgment in the amount of $21,625.00 for the debtors failure to turnover said monies and for such other relief as this court deems just and equitable.

### COUNT II
### (Revocation of Discharge)

14. Plaintiff repeats and alleges each and every allegation as if set forth at length herein.

15. The Debtor/Defendant was granted a discharge in this case and or any discharge should be revoked.

16. The Debtor/Defendant has refused to turn over property of the Estate.

17. The Debtor/Defendant is in possession of property of the Estate and despite demand has refused to turn over property of the estate and has refused to comply with this Court's Order dated June 11, 2013.

18. As such, there are grounds to revoke the Debtor's discharge pursuant to Section 727(d)(2) and 727(d)(3) of the Bankruptcy Code.

WHEREFORE Plaintiff prays that the discharge of the Debtor/Defendant herein, be revoked, and for costs of suit incurred herein, and for such other and further relief as the Court deems just and proper.

LAW OFFICES OF MITCHELL J. MALZBERG, LLC


*/s/ Mitchell Malzberg*
MITCHELL MALZBERG, ESQ.
Dated: March 13, 2017        Counsel to the Chapter 7 Trustee